**EXHIBIT 1**

E-FILED | 6/26/2025 11:27 AM
CC-54-2025-C-208
Wood County Circuit Clerk
Celeste Ridgway

IN THE CIRCUIT COURT OF WOOD COUNTY, WEST VIRGINIA

PHI HEALTH, LLC,

          Plaintiff,

vs.                                                Civil Action No. _____

HIGHMARK WEST VIRGINIA, INC. d/b/a
HIGHMARK BLUE CROSS BLUE SHIELD

          Defendant.

## VERIFIED COMPLAINT AND MOTION TO CONFIRM ARBITRATION AWARD AND ENTER JUDGMENT

PHI Health, LLC ("PHI" or "Plaintiff") brings this complaint to confirm a binding arbitral award and to recover the sums awarded in the amount of $13,376.33,[1] in addition to applicable fees, costs, and interest in connection with PHI's air medical transport of a patient covered by an employee health benefits plan sponsored and/or administered by Highmark West Virginia, Inc. d/b/a Highmark Blue Cross Blue Shield ("Insurer" or "Defendant"). This amount has already been held reasonably priced by a qualified, independent arbitrator; Insurer simply refuses to pay it.

## I.
## PARTIES

1.     PHI is a limited liability company organized under the laws of the State of Louisiana and headquartered in Phoenix, Arizona.

2.     Insurer is a company organized under the laws of the state of West Virginia and authorized to do business in West Virginia. Insurer may be served with process by serving its registered agent for service, James L. Fawcett at PO Box 1948, Parkersburg, WV 26102 or 614

---

[1] This is the amount awarded in the Independent Dispute Resolution arbitration, less amounts already paid and patient responsibility (also referred to herein as "IDR Balance Owed").

Market Street, Parkersburg, West Virginia 26101. Insurer either provides insurance to the patient who was transported, or it serves as either the Plan Administrator or the Third-Party Administrator ("TPA") for a private company's group health insurance policy and/or fully funded group health plan. The name of the group health plan or employer were not identified on claims information submitted by Defendant.

3. Jurisdiction is proper in the State of West Virginia because Insurer is registered with the State of West Virginia and conducts business in West Virginia, including the business giving rise to this suit, and this action concerns an amount within the jurisdictional limits of this Court.

4. Venue is proper in Wood County, West Virginia because Insurer is headquartered in Wood County, West Virginia.

## II.
## FACTUAL BACKGROUND

**A.  PHI Provided Air Ambulance Services; Insurer Underpaid PHI For Those Services.**

5. PHI supplied emergency air ambulance transport services to the following patient ("Patient"):

> Year of Service: 2023
> Claim Number: 32684571A
> Policy Number: E7P133652283001

6. PHI sent Insurer a bill for these emergency medical services for Patient.

7. As set forth at Chart 1 infra, Insurer sent PHI an "Explanation of Benefits" form setting forth initial payment to PHI for the service codes at issue for this transport and specified Patient's "cost sharing" amount.

8.  Because the initial payment was deficient, PHI turned to the dispute resolution plan set forth in the No Surprises Act ("NSA").[2]

**B.  PHI Initiated and Prevailed in NSA Arbitration.**

**1.  Background on NSA**

9.  The NSA creates an obligation for group health plans and health insurers to pay out-of-network providers of air ambulance services. If the provider deems the reimbursement paid by the group health plan or insurer to be deficient, the NSA contains a detailed mechanism for determining what the appropriate "out of network" rate is in each case.

10.  First, the parties are required to negotiate. If the out-of-network air ambulance provider and the health plan or insurer are not able to agree on the appropriate out-of-network rate, then the rate is set by a "determination" of a "certified IDR entity" rendered in an "independent dispute resolution [IDR] process." 42 U.S.C. § 300gg-111(a)(3)(K); 29 U.S.C. § 1185e, 1185f.

11.  The IDR process is baseball-style arbitration. Each side (the air ambulance provider and the group health plan or insurer) submits its own "offer" to the IDR entity stating what it believes the appropriate out-of-network rate to be; each party also submits reasons and evidence supporting its offer. 42 U.S.C. § 300gg-112(b)(5); 29 U.S.C. § 1185e, 1185f. The IDR entity considers a number of factors, and, based on those factors, "select[s] one of the offers submitted . . . to be the amount of payment."

12.  The IDR entity's "determination" is made "binding" by the NSA. The group health plan or insurer must make the "payment required . . . directly to the nonparticipating provider not later than 30 days after the date on which such determination is made" by the IDR entity. 42 U.S.C § 300gg-112(a)(3) and (b)(6); 29 U.S.C. § 1185e, 1185f.

---

[2] The federal No Surprises Act is codified in triplicate in three different parts of the U.S. Code: 42 U.S.C. § 300gg-111 *et seq.*; 29 U.S.C. §§ 1185e *et seq.*; and 26 U.S.C. §§ 9816 *et seq.*

3

### 2. PHI Filed Arbitration and Prevailed, Yet Insurer Refuses to Pay.

13. PHI initiated IDR proceedings for the payment offered for the transport at issue in this case by submitting Notice of IDR Initiation through the federal IDR Portal. PHI gave valid notice to Insurer of the initiation of the IDR proceedings.

14. The IDR Entity(ies) issued Written Payment Determination Notice, which includes the "IDR Awards," the results of which are set forth in the attached Exhibits A-1 and A-2, as well as in Chart 1 below. In sum, the amount of the IDR Award Balance Owed totals $13,376.33. To date, Insurer has not paid PHI the full amount it is owed.

CHART 1:

| Service Code | Billed Charges | Initial Payment | Patient's "Cost Sharing" | IDR Award | IDR Award Balance Owed[3] |
|---|---|---|---|---|---|
| Air Ambulance Base[4] DISP-1292210[5]: | $46,660.00 | $15,138.67 | $0.00 | $17,025.32 | $1,886.65 |
| Air Ambulance Mileage[6] DISP-1292211[7]: | 12,772.00 | $112.38 | $0.00 | $11,602.06 | $11,489.68 |
| TOTAL | | | | | $13,376.33 |

15. PHI simply wants the funds to which it is entitled.

---

[3] The "IDR Award Balance Owed" is the IDR Award less prior payments and any cost-sharing responsibility of the patient.
[4] The Ambulance Base Charge service code for rotor-wing transports is A0431 and for fixed-wing transports is A0430.
[5] A copy of the IDR Award is attached as Exhibit A-1.
[6] The Ambulance Mileage service code for rotor-wing transports is A0436 and for fixed-wing transports is A0435.
[7] A copy of the IDR Award is attached as Exhibit A-2

4

## III.
## CAUSES OF ACTION

A.  **COUNT ONE – ENTRY OF AWARD AS JUDGMENT PURSUANT TO THE WEST VIRGINIA ARBITRATION ACT**

16. PHI incorporates by reference the allegations of the preceding paragraphs.

17. Pursuant to West Virginia Code § 55-10-24, "the court shall issue a confirming order unless the award is modified or corrected pursuant to section twenty-two or twenty-six of this article or is vacated pursuant to section twenty-five of this article." W. Va. Code § 55-10-24.

18. The IDR Awards have not been vacated or modified, nor upon information and belief has Insurer applied to vacate or modify the IDR Awards.

WHEREFORE, PHI hereby respectfully requests an order and judgment confirming the IDR Awards and directing judgment be entered upon the IDR Awards pursuant to W. Va. Code § 55-10-24, awarding PHI costs, reasonable expenses, and attorneys' fees pursuant to W. Va. Code § 55-10-27, and granting any other relief as this Court deems just and proper.

B.  **COUNT TWO: ENTRY OF AWARD AS JUDGMENT PURSUANT TO THE FEDERAL ARBITRATION ACT, 9 U.S.C. § 9**

19. Plaintiff incorporates the allegations of the preceding paragraphs as if fully incorporated herein.

20. The IDR Awards should be confirmed by judgment of this Court pursuant to the Federal Arbitration Act, 9 U.S.C. § 9.

21. The IDR Awards are valid and have not been vacated or set aside by any authority.

22. No grounds exist for vacating, modifying, or correcting the IDR Awards.

23. Confirmation of the IDR Awards necessitates a money judgment in PHI's favor in the total amount that Insurer is obligated to pay to PHI, namely, the IDR Award Balance Owed.

WHEREFORE, PHI hereby respectfully requests an order and judgment confirming the IDR Awards and directing judgment be entered upon the IDR Awards for the IDR Award Balance Owed, $13,376.33, in addition to awarding PHI costs, reasonable expenses, and attorneys' fees and granting any other relief as this Court deems just and proper.

C.    **COUNT THREE: IMPLIED RIGHT OF ACTION UNDER THE NSA**

24. PHI incorporates by reference the allegations of the preceding paragraphs.

25. The NSA includes an implied right of action against Insurer for the amount owed to PHI.

26. The NSA thus requires Insurer to pay PHI the IDR Award Balance Owed for the transport at issue in this case.

WHEREFORE, PHI hereby respectfully requests an order and judgment confirming the IDR Awards and directing judgment be entered upon the IDR Award Balance Owed, in addition to awarding PHI costs, reasonable expenses, and attorneys' fees and granting any other relief as this Court deems just and proper.

D.    **COUNT FOUR – OPEN ACCOUNT**

27. PHI incorporates by reference the allegations of the preceding paragraphs.

28. The claim for services rendered by PHI is an open account for which there was an agreement to pay for the services.

29. The IDR Award Balance Owed is an outstanding balance owed by Insurer to PHI.

30. PHI made a demand for payment, but the debt remains unpaid.

WHEREFORE, PHI hereby respectfully requests an order and judgment against Insurer for the IDR Award Balance Owed, $13,376.33, in addition to awarding PHI costs, reasonable expenses, and attorneys' fees and granting any other relief as this Court deems just and proper.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY.**

Dated this 26th day of June, 2025.

                                        **ROBINSON & McELWEE PLLC**

                                        /s/ Jeffrey A. Kimble
                                        Jeffrey A. Kimble
                                        (W. Va. State Bar I.D.: 4928)

                                        Post Office Box 128
                                        140 West Main Street, Suite 300
                                        Clarksburg, West Virginia 26302-0128
                                        (304) 326-5314

                                        Attorney for Plaintiff

# Exhibit A-1

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-1292210

National Medical Reviews, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-1292210** and has determined that BLUE CROSS BLUE SHIELD MISSISSIPPI is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, National Medical Reviews, Inc. has determined that the out-of-network payment amount of **$17,025.32** offered by BLUE CROSS BLUE SHIELD MISSISSIPPI is the appropriate out-of-network rate for the service A0431 on claim number 32684571A under this dispute.

National Medical Reviews, Inc. based this determination on a review of the following:

PHI HEALTH, LLC submitted an offer of $34,296.35

BLUE CROSS BLUE SHIELD MISSISSIPPI submitted an offer of $17,025.32

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | X |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | X |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

In reviewing the QPA, and the noted information submitted by both parties, the arbitrator found that the evidence showing that the member's acuity was average to be compelling, specifically the Non-Initiating Party's arguments regarding the nature and frequency of the specific conditions, and therefore demonstrates that the Non-Initiating Party's offer best reflects the appropriate payment amount for this claim. The arbitrator further found the Non-Initiating Party's arguments regarding the average contracted rate for such services to be compelling and persuasive as well.

In determining which offer reflects the appropriate value of this service, the arbitrator has considered the QPA and found that evidence plus the evidence regarding the member's acuity level, and the average contracted rate for similar services is most compelling. Specifically, the arguments set forth by the Non-Initiating Party that in this specific case, the QPA represents the fair value for the service provided due to the commonality of the service provided and the condition treated. The arbitrator also found the Non-Initiating Party's information and arguments about contracted rates compelling because contracted rates are similar to the Non-Initiating Party's offer. The arbitrator found that the Non-Initiating Party's offer was most compelling. Although the Initiating Party provided information regarding their market share, member acuity, and qualifications, the Initiating Party ultimately failed to adequately show that their offer best reflects the value of the service. Therefore, the arbitrator found the evidence unpersuasive. Although the Initiating Party submitted supporting documentation, the Non-Initiating Party's offer/supporting documentation best represented the service under review.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. National Medical Reviews, Inc. has determined that PHI HEALTH, LLC is the non-prevailing party in DISP-1292210 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to BLUE CROSS BLUE SHIELD MISSISSIPPI by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-1292210 was PHI HEALTH, LLC. The initiating party's TIN is 721404705. The non-initiating party was BLUE CROSS BLUE SHIELD MISSISSIPPI. The 90-calendar day cooling off period begins on June 27, 2024 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact National Medical Reviews, Inc.. Include your IDR Reference number referenced above.

Thank you,

National Medical Reviews, Inc.

*Privileged and Confidential:* The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.

# Exhibit A-2

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-1292211

National Medical Reviews, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-1292211** and has determined that PHI HEALTH, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, National Medical Reviews, Inc. has determined that the out-of-network payment amount of **$11,602.06** offered by PHI HEALTH, LLC is the appropriate out-of-network rate for the service A0436 on claim number 32684571A under this dispute.

National Medical Reviews, Inc. based this determination on a review of the following:

PHI HEALTH, LLC submitted an offer of $11,602.06

BLUE CROSS BLUE SHIELD MISSISSIPPI submitted an offer of $3,745.42

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | X |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | X |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | X |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

After a complete and careful consideration of the offers made by the parties, the QPA, and other credible additional information submitted, and after applying the No Surprises Act statutory provisions, the Initiating Party's offer of $11,602.06 best represents the value of the service that is the subject of this unique payment determination.

Both the Initiating Party and the Non-Initiating Party submitted credible information. The information the arbitrator reviewed demonstrates that the QPA does not adequately and reasonably takes into account the acuity of the member, the complexity of furnishing the qualified IDR service or the provider's level of training and experience. Also, the location to and from the members position for which the air ambulance services were provided and the final quality of outcome measurements in this case were not reasonable. The arbitrator of record analyzed the market shares of the Party's and the type of air ambulance transport used here. The Party's good faith efforts to enter into a network agreement were also duly considered. Therefore, after carefully reviewing and analyzing all of the above stated elements- The arbitrator found the Initiating Party's offer best represents the value of the services that are the subject of this payment determination in case number N24-203061.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. National Medical Reviews, Inc. has determined that BLUE CROSS BLUE SHIELD MISSISSIPPI is the non-prevailing party in DISP-1292211 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI HEALTH, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-1292211 was PHI HEALTH, LLC. The initiating party's TIN is 721404705. The non-initiating party was BLUE CROSS BLUE SHIELD MISSISSIPPI. The 90-calendar day cooling off period begins on June 26, 2024 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact National Medical Reviews, Inc.. Include your IDR Reference number referenced above.

Thank you,

National Medical Reviews, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

## VERIFICATION

STATE OF TEXAS,
COUNTY OF DALLAS, TO-WIT:

Caitlin C. McNamara, counsel for plaintiff in the underlying arbitration proceeding, as referenced in the foregoing Verified Complaint, being first duly sworn, says that the facts and allegations therein contained are true, except so far as they are therein stated to be upon information, and so far as they are therein stated to be upon information, he/she believes them to be true.

_____
Caitlin C. McNamara



LANETTE P. FIDONE
My Notary ID # 1289634
Expires June 30, 2029

Taken, subscribed, and sworn to before me this 25th day of June, 2025.

My commission expires: June 30, 2029.

_____
Notary Public